**Cristobal LEBRON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 06–00–00208–CR.**

Court of Appeals of Texas, Texarkana.

Submitted Dec. 27, 2000.

Decided Jan. 5, 2001.

Arnold Gene Jones Jr., Katy, for appellant.

Calvin A. Hartmann, Harris County Dist. Atty's Office, S. Elaine Roch, Asst. Dist. Atty., Houston, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Cristobal Lebron appeals his conviction for misdemeanor driving while intoxicated.

He filed a motion to suppress a videotape and other evidence resulting from his encounter with police. The trial court overruled his motion. Thereafter, he pleaded guilty pursuant to a plea bargain agreement. He was sentenced to 180 days' confinement and a $500 fine, but imposition of sentence was suspended and he was placed on one year's community supervision. Lebron filed a Notice of Appeal pursuant to Tex.R.App.P. 25.2(b)(3)(B).[1] He challenges the trial court's decision to overrule his suppression motion.

The record of the suppression hearing reveals that Officer O.L. Waltman was responding to a call related to a possible traffic accident at around 2:00 a.m. Waltman testified that as he traveled westbound about a block away from the scene, he witnessed a white pickup truck with two flat tires traveling eastbound. The pickup truck moved very slowly until it stopped on the roadway. Waltman turned around, pulled up behind the vehicle, and activated his emergency lights. As he approached the pickup truck, Lebron emerged and nearly fell. Waltman testified that Lebron was unsteady, smelled of alcohol, seemed incoherent, and had glassy and bloodshot eyes. Waltman administered field sobriety tests, which Lebron failed. Lebron contends that this encounter constitutes an impermissible investigative detention.

■■■ At a suppression hearing, the trial court is the exclusive trier of fact and judge of the credibility of the witnesses and the weight of their testimony. *Green v. State*, 934 S.W.2d 92, 98 (Tex.Crim.App. 1996). Therefore, an appellate court must view the record and draw all reasonable inferences therefrom in the light most favorable to the trial court's ruling. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim.App.1996). Furthermore, the appellate court must sustain the trial court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case. *Id.; Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App. 1990).

■■■ The general rule is that an appellate court should afford almost total deference to a trial court's determination of the historical facts that the record supports, especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997). We are also to afford such deference to a trial court's ruling on the "application of law to fact questions" if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *Id.* Questions not turning on credibility and demeanor may be reviewed by appellate courts *de novo*. *Id.* In the present case, the facts are not in dispute; therefore, we review the trial court's judgment *de novo*.

■■■ A routine traffic stop closely resembles an investigative detention. *Berkemer v. McCarty*, 468 U.S. 420, 439, 104 S.Ct. 3138, 3150, 82 L.Ed.2d 317, 334 (1984). An investigative detention is a seizure, *Francis v. State*, 922 S.W.2d 176, 178 (Tex.Crim.App.1996); thus, it must be reasonable to meet the standards required by the United States and Texas Constitutions. *See* U.S. Const. amend. IV; Tex. Const. art. I, § 9. To determine the reasonableness of an investigative detention, we apply the guidelines set out by the United States Supreme Court in *Terry v. Ohio*: (1) whether the officer's action was justified at its inception; and (2) whether it was reasonably related in scope to the circumstances that initially justified the interference. *See Davis v. State*, 947 S.W.2d 240, 242 (Tex.Crim.App.1997) (citing *Terry v. Ohio*, 392 U.S. 1, 19–20, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). Lebron does not challenge whether the scope of the detention was reasonably related to the circum-

---

1. Tex.R.App.P. 25.2(b)(3)(B) provides that if the appeal is from a judgment rendered on the defendant's plea of guilty and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must specify that the substance of the appeal was raised by written motion and ruled on before trial.

stances justifying the initial stop; rather, he contends that the stop was made without adequate justification.

 The United States Supreme Court has recognized that police have a community caretaking function, which may justify an investigatory stop in the absence of suspected criminal activity. *Cady v. Dombrowski,* 413 U.S. 433, 441, 93 S.Ct. 2523, 2528, 37 L.Ed.2d 706, 714–15 (1973) ("Local police officers, unlike federal officers, frequently investigate vehicle accidents in which there is no claim of criminal liability and engage in what, for want of a better term, may be described as community caretaking functions, totally divorced from the detection, investigation, or acquisition of evidence relating to the violation of a criminal statute."). The Court of Criminal Appeals has also recognized that a police officer may stop and assist an individual who a reasonable person, given the totality of the circumstances, would believe is in need of help. *Wright v. State,* 7 S.W.3d 148, 151 (Tex.Crim.App.1999). The court in *Wright* set out four nonexclusive, nonexhaustive factors in determining the reasonableness of such a stop: (1) the nature and level of the distress exhibited by the individual; (2) the location of the individual; (3) whether or not the individual was alone and/or had access to assistance independent of that offered by the officer; and (4) to what extent the individual, if not assisted, presented a danger to himself or others. *Id.* at 152.

Assuming the facts of the present case constitute an investigative detention, application of the factors set out in *Wright* demonstrates that Waltman's actions were reasonable. Waltman observed a motorist in obvious distress. The truck was traveling with two flat tires very slowly away from the general vicinity of a reported accident. Waltman witnessed the vehicle come to a complete stop in the middle of the roadway. The truck did not move while Waltman turned his patrol car around and returned to investigate. Under these circumstances, a reasonable person in Waltman's position would have believed that the driver of the truck needed help and that the location and condition of the truck presented a danger to the driver and other motorists.

The trial court's judgment is affirmed.